UNITED STATES, Appellee,

v.

Gregory L. FLACK, Technical Sergeant,
U.S. Air Force, Appellant.

No. 96–1206.
Crim.App. No. 31741.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 9, 1997.

Decided Jan. 27, 1998.

Sullivan, J., filed concurring opinion.

For Appellant: *Captain Harold M. Vaught* (argued); *Lieutenant Colonel Kim L. Sheffield* (on brief); *Colonel David W. Madsen* and *Colonel Douglas H. Kohrt.*

For Appellee: *Colonel Brenda J. Hollis* (argued); *Colonel Theodore J. Fink, Lieutenant Colonel Michael J. Breslin,* and *Major LeEllen Coacher* (on brief); *Captain Tony Roberts.*

*Opinion of the Court*

CRAWFORD, Judge:

Pursuant to his pleas, appellant was convicted by a military judge sitting alone of committing indecent acts with a child (2 specifications), in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. He was sentenced to a bad-conduct discharge, confinement for 4 years and 6 months, and reduction to the lowest enlisted grade. The convening authority reduced the confinement portion of the sentence to 3 years and otherwise approved the sentence. The Court of Criminal Appeals affirmed the findings and sentence.

We granted review of the following issues:

I. WHETHER THE MILITARY JUDGE ABUSED HER DISCRETION IN ADMITTING THE HEARSAY

STATEMENTS OF JF OVER THE OBJECTION OF TRIAL DEFENSE COUNSEL UNDER THE MEDICAL DIAGNOSIS EXCEPTION TO THE HEARSAY RULE, MIL.R.EVID. 803(4).

II. WHETHER APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL DEFENSE COUNSEL FAILED TO ADVISE HIM, PRIOR TO HIS PLEA OF GUILTY TO SPECIFICATION 1 OF THE CHARGE, THAT HE MIGHT CONTEST THAT CHARGE AND SPECIFICATION ON THE GROUNDS THAT EVIDENCE OF THAT OFFENSE WAS ILLEGALLY OBTAINED.

We hold that, even if it was error to admit the counselor's testimony under Mil.R.Evid. 803(4), Manual for Courts–Martial, United States (1995 ed.), it did not affect the substantial rights of appellant. Art. 59(a), UCMJ, 10 USC § 859(a). As to Issue II, we hold that defense counsel's representation of appellant was not deficient.

## FACTS

On January 11, 1995, appellant's 8–year-old daughter, JF, visited a pediatrician, Captain (Capt) Garscadden, for treatment of impetigo lesions on her buttocks and genitalia. During that visit, JF told the doctor that her father had been fondling her buttocks and vaginal area and had digitally penetrated her anus and vagina. Capt Garscadden diagnosed sexual abuse and referred JF to counseling. JF's counselor was Ms. Carolyn Hughes, a social worker with the Family Advocacy Program on base. Appellant contends that Ms. Hughes provided the Office of Special Investigations (OSI) with a tape of a session with JF which formed the basis for the OSI interrogation of appellant.

After the military judge accepted appellant's guilty pleas, the prosecutor announced his intention to call Ms. Hughes during sentencing as a witness in aggravation. Appellant objected to Ms. Hughes' testimony, arguing that it would be cumulative with information contained in the stipulation of fact and contain inadmissible hearsay. The prosecution asserted that her

testimony would not be cumulative and that any hearsay would fall under the medical diagnosis exception, Mil.R.Evid. 803(4). The military judge ruled that "[i]f the Government can lay the foundation under Mil. R.Evid. 803(4), I will allow the testimony." The defense did not renew its motion to exclude Ms. Hughes' testimony or challenge whether the Government met the foundational requirements of Mil.R.Evid. 803(4).

Ms. Hughes testified, and there were only two objections during direct examination. The first objection was to a leading question by assistant trial counsel. This objection was overruled. The second was when the judge stopped Ms. Hughes from relating what JF"s mother told her about why she canceled JF"s therapy appointments. After the judge intervened, defense counsel lodged a hearsay objection which was sustained. There was only one objection during redirect examination. That objection was withdrawn after trial counsel rephrased the question.

Ms. Hughes testified, in part, as follows:

I told [JF] what I tell all clients, adult or child, that I am a social worker. Did she know what that was? She said no. So I told her that it was sort of like a counselor and explained that my job was really to talk with her about her family. How she was feeling about her family experiences, the issue that had brought her into treatment in the first place and basically, explained what we would be doing during sessions. That sort of thing.

When trial counsel asked Ms. Hughes if she had said anything to JF about being there to help her, Ms. Hughes responded, "That would be, while I was explaining what a counselor does. That is what I do. Treatment." Ms. Hughes also testified that she believed JF understood a counselor's role.

## DISCUSSION—ISSUE I

■ We review a military judge's ruling admitting or excluding evidence for an abuse of discretion. *United States v. Sullivan*, 42 MJ 360, 363 (1995).

■ The defense argues that the Government did not satisfy Mil.R.Evid. 803(4)'s ex-

pectation-of-treatment prong. The Government responds that the defense did not preserve its objection to Ms. Hughes' testimony, that there was no plain error, and that, assuming error, the error did not affect appellant's substantial rights. In any event, the Government argues that, even if there was plain error, it did not undermine the fairness, integrity, or the reputation of judicial proceedings.

We need not address these contentions. Regardless of whether the testimony was properly objected to on foundational grounds, there was no prejudice. The stipulation of fact detailed the sexual abuse of JF by appellant during a 2-year period of time. The impact of Ms. Hughes' testimony pales when compared to the detailed stipulation of fact. Additionally, this was a trial by judge alone in which appellant pled guilty. Thus, we hold that if there was error, it did not affect the substantial rights of appellant. Art. 59(a).

### DISCUSSION—ISSUE II

■ Appellant argues that trial defense counsel was deficient in failing to advise appellant to contest specification 1 of the Charge since the Government's primary evidence was illegally obtained.

Appellant contends that the OSI obtained the information from the Family Advocacy Program in violation of the psychotherapist-patient privilege. As a result of that information, the OSI questioned appellant and he made incriminating statements. Appellant argues that there was no other basis for the OSI interrogation of appellant. He also

claims that Ms. Hughes "vowed to assure that the appellant 'goes away for a long time' and that she had therefore departed from her role as a care giver becoming a *de facto* investigator." Final Brief at 8–9. Appellant contends that Ms. Hughes did not have permission to release the information revealing that he had molested his daughter. The defense further argues that this alleged violation of an evidentiary rule, the psychotherapist-patient privilege, requires exclusion of the evidence.

For the defense to succeed, it must establish that (1) the therapist-patient privilege applies in the military, (2) appellant has standing to claim JF's privilege, and (3) the exclusionary rule applies to appellant's confessions.

In *United States v. English,* 47 MJ 215, 216 (1997), this Court stated that "the Manual for Courts–Martial does not recognize a ... psychotherapist-patient privilege." In *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996), the Supreme Court held that federal law recognizes the psychotherapist-patient privilege. Regardless of whether the privilege applies to the military,[1] appellant did not show either that he had standing to claim the privilege or that the exclusionary rule applies to his case. Therefore, trial defense counsel's failure to make a motion to suppress appellant's confession does not amount to ineffective assistance of counsel. *See Kimmelman v. Morrison,* 477 U.S. 365, 375, 106 S.Ct. 2574, 2582–83, 91 L.Ed.2d 305 (1986) (in ineffective-assistance-of-counsel case, appellant must show Fourth Amendment issue, which trial

1. S. 936, 105th Cong., 1st Sess. § 1051 (1997), directed the Secretary of Defense to (1) recommend to the President an amendment to the rules of evidence adopting the psychotherapist-patient privilege for patients who are not subject to the Uniform Code of Military Justice and (2) determine the nature of the privilege, if any, for patients subject to the Code. This section was not adopted by the House. H.R. CONF. REP. NO. 105–340, 105th Cong., 1st Sess. 812 (1997).

The Conference Report on the Bill notes that (1) the Senate bill contained a provision which required the Secretary of Defense to submit a recommended amendment to the Military Rules of Evidence, and (2) the conferees did not include a legislative provision, noting that the Department of Defense "has already made significant progress toward drafting a recommended amendment to the Military Rules of Evidence incorporating the above-described privilege. The conferees urge the Department of Defense to submit the proposed amendment to the President at the earliest opportunity." *Id.* The proposed amendment to the Manual was published on May 6, 1997, at 62 Fed.Reg. 24,643. *Cf. United States v. Demmings,* 46 MJ 877, 881–83 (Army Ct.Crim. App.1997) (dicta that psychotherapist-patient privilege could protect compelled disclosure of communications between soldier and mental health professional made during diagnosis or treatment).

defense counsel failed to raise, was meritorious); *United States v. Loving*, 41 MJ 213, 244 (1994) (trial defense counsel not ineffective for failing to object to admissibility of evidence where appellant failed to demonstrate Fourth Amendment claim was meritorious), *aff'd on other grounds*, 517 U.S. 748, 116 S.Ct. 1737, 135 L.Ed.2d 36 (1996).

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

Chief Judge COX and Judges GIERKE and EFFRON concur.

SULLIVAN, Judge (concurring):

I agree with the majority's use of harmless error in this case. However, I remain concerned with admission under Mil.R.Evid. 803(4) (medical treatment exception) of these hearsay statements from the 8–year–old victim to a government social worker who is working hand in glove with government criminal investigators *after* child abuse has been established and *when* the record does not clearly establish either treatment or an expectation of treatment in the mind of the child victim. *See United States v. Kelley*, 45 MJ 275, 282 (1996) (Sullivan, J., concurring in part and in the result and dissenting in part). Child abuse in America's courts may be difficult to prove, but we cannot erode our Rules of Evidence to accomplish this. The ends do not justify the means.